IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BLANCHE A. BROWN,

    Plaintiff,

v.

UNITED STATES, et al.,

    Defendants.

Civil Action No. 21-829-RGA

---

Blanche A. Brown, Atglen, Pennsylvania.   Pro Se Plaintiff.

David C. Weiss, United States Attorney, and Jacob Laksin and Shamoor Anis, Assistant United States Attorneys, Wilmington, Delaware.   Counsel for Defendant United States.

Michael James Logullo, Esquire, Rawle & Henderson LLP, Wilmington, Delaware. Counsel for Defendant G. Joel Funari, DMD.

Colleen D. Shields, Esquire, and Alexandra Rogin, Esquire, Eckert Seamans Cherin & Mellott LLC, Wilmington, Delaware.   Counsel for Defendant Thomas Jefferson University Hospital, Inc.

**MEMORANDUM OPINION**

March 30, 2022
Wilmington, Delaware


**ANDREWS, U.S. District Judge:**

Plaintiff Blanche A. Brown appears *pro se*. She commenced this lawsuit on June 7, 2021. (D.I. 1). The thirty-three page Amended Complaint is the operative pleading. (D.I. 4). It names four defendants: the United States, "Thomas Jefferson University Hospital," "Thomas Jefferson Oral & Maxillofacial Surgery," and Dr. G. Joel Funari. Plaintiff asserts jurisdiction pursuant to 28 U.S.C. § 1331.[1] Before the Court are motions to dismiss filed by Defendants G. Joel Funari, DMD and Thomas Jefferson University Hospital, Inc. (D.I. 8, 33). The matters have been fully briefed.

I.   **BACKGROUND**

I take the factual allegations of the Amended Complaint as true and construe them in the light most favorable to Plaintiff. Plaintiff is a 100% disabled veteran and beneficiary of Veterans Administration benefits. Her disability is due to a cardiac condition.

Defendant Dr. Funari is an oral surgeon who practices at Defendant Thomas Jefferson Oral & Maxillofacial Surgery and is affiliated with Thomas Jefferson University Hospital. (D.I. 4. at ¶ 4). During the relevant time frame, Dr. Funari provided services at the Wilmington VA Clinic as an independent contractor subject to VA guidelines and at the direction of the Wilmington VA Clinic Dental Department Head. (*Id.* at ¶ 4; D.I. 9-1 at ¶ 4). Thomas Jefferson University Hospital is a training partner of the VA's Graduate Medical Education training program. (D.I. 4 at ¶ 4).

---

[1] Moving Defendants seek dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and 12(h)(3). The Amended Complaint, however, asserts jurisdiction by reason of a federal question, not by reason of diversity of the parties.

In July 2019, Plaintiff consulted with an endodontist about alternatives to tooth extraction. She sought treatment for the dental condition at the Wilmington VA Medical Center. (D.I. 4 ¶¶ 4, 13, 14). She brought up the subject with an unnamed VA dentist at a routine appointment in August 2019

Plaintiff relayed that the endodontist recommended a surgical extraction and had informed Plaintiff that it was not a simple procedure. (*Id.* at ¶ 15). Plaintiff requested a pre-operative meeting with an oral surgeon to discuss the recommendation. (*Id.* at ¶ 16). Plaintiff expressed her preference that a licensed oral surgeon, not a trainee, perform the procedure. (*Id.* at ¶ 18). A dental assistant at the VA Clinic—Brenda—stated she had no choice about who performed the procedure. (*Id.*).

On August 23, 2019, Plaintiff presented at the VA Clinic for a consultative appointment and saw Dr. Funari, a licensed oral surgeon. (*Id.* at ¶ 19). During the appointment, Dr. Funari advised her that he and a trainee were prepared to perform the routine extraction. (*Id.* at ¶¶ 19, 20). Plaintiff thought the appointment was a consultation only, and, because she believed the tooth extraction was a complex procedure, she reiterated her preference that a licensed provider and not a trainee perform the procedure. (*Id.* at ¶¶ 19-21). Dr. Funari did not conduct even a cursory examination and he mischaracterized the procedure as routine. (*Id.* at ¶ 20).

Dr. Funari's notes in Plaintiff's chart refer to Plaintiff's demand for an overnight hospitalization for the procedure because of a bleeding problem due to leukopenia and a complicated medical history. (*Id.* at ¶ 23). The notes state that there was no medical indication to admit Plaintiff to the hospital for a routine extraction. (*Id.*). Dr. Funari instructed Plaintiff to contact her primary medical care team at Lebanon VA

Medical Center who then made a referral to her cardiologist. (*Id.* at ¶ 25). A Wilmington VA Medical Center dentist saw no problem with Dr. Funari's notes. (*Id.*). Plaintiff's emergency dental issue was not addressed even after she was medically cleared, and, two years later, in June 2021, it remains untreated. (*Id.*).

The Amended Complaint contains seventeen counts. The captions of a count are not always consistent with the body of the count. And it is not always clear which Defendants are supposed to be a defendant in each count. The Court takes a broad reading of what Plaintiff claims: Count 1, unlawful discrimination, in violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794; Section 1557 of the Patient Protection and Affordable Care Act, 42 U.S.C. § 18116, the Federal Tort Claims Act, 28 U.S.C. § 1346(b), and the United States Constitution; (2) Count 2, violation of the Thirteenth Amendment to the United States Constitution; (3) Count 3, violation of the Fourteenth Amendment to the United States Constitution; (4) Count 4, retaliation for Plaintiff expressing preferences related to the dental extraction in violation of the First Amendment to the United States Constitution; (5) Count 5, negligence and gross negligence under the Federal Tort Claims Act and Delaware law; (6) Count 6, discrimination for failure to accommodate Plaintiff's disabilities in violation of the Rehabilitation Act and the Affordable Care Act; (7) Count 7, discrimination in federal programs and retaliation in violation of the Rehabilitation Act and the Affordable Care Act; (8) Count 8, privacy violations under 5 U.S.C. § 552a, HIPAA, and invasion of privacy under Delaware law; (9) Count 9, negligence per se in violation of federal statutes, regulations and policies under the Federal Tort Claims Act; (10) Count 10, negligent entrustment in violation of the Federal Tort Claims Act and Delaware law; (11)

Count 11, negligent breach of the implied covenant of good faith and fair dealing in violation of the Federal Tort Claims Act and Delaware law; (12) Count 12, tortious interference with, and breach of, contract in violation of Delaware law; (13) Count 13, negligent misrepresentation in violation of the Federal Tort Claims Act and Delaware law; (14) Count 14, breach of fiduciary duty in violation of the Federal Tort Claims Act and Delaware law; (15) Count 15, negligent training of a VA Clinic dental assistant Brenda; (16) Count 16, negligent infliction of emotional distress in violation of the Federal Tort Claims Act and Delaware law; and (17) Count 17, intentional infliction of emotional distress and willful misconduct and grave indifference in violation of the Federal Tort Claims Act and Delaware law.

Plaintiff seeks costs, compensatory, consequential, and punitive damages and injunctive, mandamus, and declaratory relief.

Dr. Funari moves for dismissal pursuant to Rules 12(b)(1) and 12(b)(6). Thomas Jefferson University Hospital moves for dismissal pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(6), and 12(h)(3).   Despite the wide-ranging allegations in the Amended Complaint, it appears that the only facts alleged against the two moving Defendants involve Dr. Funari's interactions with Plaintiff on August 23, 2019, including making notes in her medical file.

Plaintiff opposes the motions to dismiss.

## II.   LEGAL STANDARDS

### A.   Rule 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits the dismissal of an action for lack of subject matter jurisdiction.   A Rule 12(b)(1) motion may be treated as

either a facial or factual challenge to the court's subject matter jurisdiction. *See Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). A facial attack contests the sufficiency of the pleadings, whereas a factual attack contests the sufficiency of jurisdictional facts. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). When considering a facial attack, the court accepts the plaintiff's well-pleaded factual allegations as true and draws all reasonable inferences from those allegations in the plaintiff's favor. *See In re Horizon Healthcare Services Inc. Data Breach Litigation*, 846 F.3d 625, 633 (3d Cir. 2017). When reviewing a factual attack, the court may weigh and consider evidence outside the pleadings. *See Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

### B.  Rule 12(b)(2)

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, the Court may dismiss a suit for lack of jurisdiction over the person. Although Rule 8 does not require a plaintiff to set forth in the complaint "the grounds upon which the court has personal jurisdiction over the defendant," *Hansen v. Neumueller GmbH*, 163 F.R.D. 471, 474 (D. Del. 1995), "once a defendant has raised a jurisdictional defense, a plaintiff bears the burden of proving by affidavits or other competent evidence that jurisdiction is proper." *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996). If the district court does not hold an evidentiary hearing, the court should resolve any factual disputes in the plaintiff's favor and should deny the motion if the plaintiff's evidence establishes "a prima facie case of personal jurisdiction." *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 155 (3d Cir. 2010).

Two requirements, one statutory and one constitutional, must be satisfied for personal jurisdiction to exist over a defendant. *Bell Helicopter Textron, Inc. v. C & C Helicopter Sales, Inc.*, 295 F. Supp. 2d 400, 403 (D. Del. 2002). "First, a federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state." *Id.* (citing Fed. R. Civ. P. 4(e)). The Court must, therefore, determine whether there is a statutory basis for jurisdiction under the Delaware long-arm statute. *Id.* (citing 10 Del. C. § 3104(c)). "Second, because the exercise of jurisdiction must also comport with the Due Process Clause of the United States Constitution, the Court must determine if an exercise of jurisdiction violates [Defendant's] constitutional right to due process." *Id.* (citing *International Shoe Co. v. Washington*, 326 U.S. 310 (1945)).

"Once a jurisdictional defense has been raised, the plaintiff bears the burden of establishing with reasonable particularity that sufficient minimum contacts have occurred between the defendant and the forum state to support jurisdiction." *Id.* (citing *Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987). Plaintiff may establish jurisdictional facts through sworn affidavits or other competent evidence. *See Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984).

Plaintiff must demonstrate either specific or general jurisdiction. Specific jurisdiction arises when the particular cause of action arose from Defendant's activities within the forum state. In contrast, general jurisdiction does not require Defendant's connections be related to the particular cause of action, but that Defendants have continuous or systematic contacts with the forum state. *American Bio Medica Corp. v.*

*Peninsula Drug Analysis Co, Inc.*, 1999 WL 615175 (D. Del. Aug. 3, 1999).  "[A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction."  *Id.*  Plaintiff is required to respond to a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction with actual proof, not mere allegations.  *Id.*  See also *Hurley v. Cancun Playa Oasis In'tl Hotels*, 1999 WL 718556, at *1 (E.D. Pa. Aug. 31, 1999) (stating that "[g]eneral averments in an unverified complaint or response without the support of sworn affidavits or other competent evidence are insufficient to establish jurisdictional facts."

### C. Rule 12(b)(6)

In reviewing a motion filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson*, 551 U.S. at 94.  A court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference.  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  A Rule 12(b)(6) motion maybe granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of

7

a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). I am "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 347. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

> In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. A document forms the basis of a claim if the document is "integral to or explicitly relied upon in the complaint." The purpose of this rule is to avoid the situation where a plaintiff with a legally deficient claim that is based on a particular document can avoid dismissal of that claim by failing to attach the relied upon document. Further, considering such a document is not unfair to a plaintiff because, by relying on the document, the plaintiff is on notice that the document will be considered.

*Lum v. Bank of Am.*, 361 F.3d 217 n.3 (3d Cir. 2004) (internal citations omitted); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

### D. Rule 12(h)(3)

"If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "A federal court may *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) when the allegations within the complaint 'are so attenuated and unsubstantial as to be absolutely devoid of merit,. . . wholly insubstantial,. . . obviously frivolous,. . . plainly unsubstantial,. . . or no longer open to discussion.'" *DeGrazia v. F.B.I.*, 316 F. App'x 172, 173 (3d Cir. 2009) (quoting *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).

## III. DISCUSSION

### A. Personal Jurisdiction

Thomas Jefferson University Hospital seeks dismissal for lack of personal jurisdiction on the grounds that the care at issue took place in Delaware, there are no allegations that the care took place at Thomas Jefferson University Hospital in Pennsylvania or that it has any office or facility in Delaware. It also argues that the Amended Complaint merely alleges that Dr. Funari has an affiliation with Thomas Jefferson University Hospital and, because Dr. Funari provided Plaintiff care in Delaware, Thomas Jefferson University Hospital should be subject to this Court's jurisdiction. Thomas Jefferson also argues that the Complaint fails to allege that it has had such extensive, regular, and systemic contacts with Delaware so that it has purposefully availed itself to this forum.

In response, and in an attempt to prove that Thomas Jefferson University Hospital has extensive, regular, and systemic contacts with Delaware, Plaintiff provided

a six-page fill-in-the-blanks form: "Dental Education Affiliation Agreement between Department of Veterans Affairs (VA) as the Sponsoring Institution, and a School of Dentistry and its Affiliate Institutions." (D.I. 36-7 at 1-6). The document, however, is a blank form. It is not executed by Thomas Jefferson University Hospital or by anyone else. The Court finds that Plaintiff has failed to meet her burden to prove jurisdiction is proper as to Thomas Jefferson University Hospital. Therefore, the motion to dismiss for lack of personal jurisdiction will be granted. Assuming arguendo that there is personal jurisdiction, as discussed below, the Amended Complaint fails to state federal claims upon which relief can be granted.

### B.     Federal Tort Claims Act

Counts 1, 5, 9, 10, 11, 13, 14, 16, and 17 raise claims under the Federal Tort Claims Act. The United States is the only proper defendant in a case brought under the Federal Tort Claims Act. *See CNA v. United States*, 535 F.3d 132, 138 n.2 (3d Cir. 2008). It recently appeared and filed a motion to dismiss. (D.I. 37).

### C.     Rehabilitation Act and Patient Protection and Affordable Care Act

Counts 1, 6, and 7 raise disability discrimination, failure to accommodate a disability, and retaliation claims under the Rehabilitation Act and the Affordable Care Act. Moving Defendants seek dismissal on the grounds that the Counts fail to state claims upon which relief can be granted.

Section 504 of the Rehabilitation Act prohibits programs that receive federal funds from discriminating against an individual based on disability, as follows: "No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the

benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency." 29 U.S.C. § 794(a).  Section 1557 of the Patient Protection and Affordable Care Act provides that "an individual shall not, on the ground prohibited under . . . section 794 of Title 29, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any health program or activity, any part of which is receiving Federal financial assistance, including credits, subsidies, or contracts of insurance, or under any program or activity that is administered by an Executive Agency or any entity established under this title (or amendments).  The enforcement mechanisms provided for . . . section 794[2]. . .  shall apply for purposes of violations of this subsection."  See 42 U.S.C. § 18116.  "For disability-discrimination claims, the [Affordable Care Act] incorporates the substantive analytical framework of the [Rehabilitation Act]."  *Francois v. Our Lady of the Lake Hospital, Inc.*, 8 F.4th 370, 378 (5th Cir. 2021) (citing *Doe v. BlueCross BlueShield of Tenn., Inc.*, 926 F.3d 235, 239 (6th Cir. 2019)).  Therefore, the Court analyzes the Rehabilitation Act claims and Affordable Care Act claims together.

To state a claim under the Rehabilitation Act, a plaintiff must establish that "[1] he is a qualified individual with a disability, [2] who was precluded from participating in a program, service, or activity, or otherwise was subject to discrimination, [3] by reason of

---

[2] Exhaustion of administrative remedies before suing on a Section 504 claim is not required when a plaintiff does not sue a federal agency for employment discrimination and claims do not "have the effect of circumventing some other Congressionally mandated exhaustion requirement."  *Freed v. Consol. Rail Corp.*, 201 F.3d 188, 192 (3d Cir. 2000).

his disability." *Furgess v. Pennsylvania Dep't of Corr.*, 933 F.3d 285, 288-89 (3d Cir. 2019); *see also Chambers v. School Dist. of Phila. Bd. of Educ.*, 587 F.3d 176, 189 (3d Cir. 2009). Employees of federally funded entities are not subject to individual liability under the Rehabilitation Act. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002) ("Because the individual defendants do not receive federal aid, Emerson does not state a claim against them under the Rehabilitation Act."). In addition, parties cannot be held liable in their individual capacities under § 504 of the Rehabilitation Act. *See A. W. v. Jersey City Public Schools*, 486 F.3d 791, 804 (3d Cir. 2007) ("Suits may be brought pursuant to [the Rehabilitation Act] against recipients of federal assistance, but not against individuals."); *accord Doe v. DeJoy*, 2020 WL 4382010, at *11 (E.D. Pa. July 31, 2020) (holding that there is no individual liability under the Rehabilitation Act and citing authority).

Plaintiff's disability discrimination claims fails. As alleged, Plaintiff was not precluded from participating in any program, service, or activity, or otherwise was subject to discrimination by reason of a disability. Rather, medical recommendations were made based upon Plaintiff's medical and dental condition, Plaintiff's requests for the procedure to take place in a certain manner were denied, and Plaintiff was dissatisfied with the denial. There are no allegations that the dental procedure was denied based upon Plaintiff's disability. Therefore, Count 1 will be dismissed.

Plaintiff alleges a failure to accommodate when she was refused her request for an inpatient hospitalization for extraction of her tooth. Section 504 of the Rehabilitation Act imposes a duty on federally funded programs to make reasonable accommodations, although not "fundamental or substantial" ones, when necessary to assure "meaningful

access." *Alexander v. Choate*, 469 U.S. 287, 300-01 (1985); *see Berardelli v. Allied Servs. Inst. of Rehab. Med.*, 900 F.3d 104, 114, 115 (3d Cir. 2018).

Plaintiff's claim against Dr. Funari fails as a matter of law as there is no individual liability under the Section 504 of the Rehabilitation Act. It also fails as to Thomas Jefferson University Hospital given that there are no allegations of an employer-employee relationship between Dr. Funari and Thomas Jefferson University Hospital or that the hospitalization Plaintiff requested would take place at Thomas Jefferson University Hospital. Rather, Plaintiff alleges that Defendants at Wilmington VA Medical Center and Dr. Funari who is either "affiliated with" (*see* D.I. 4 at 3) or "of Thomas Jefferson University Hospital" (*see id.* at 24) refused to accommodate her request for a post-surgical overnight stay the medical center's hospital ward (*i.e.*, the VA Medical Center), not at Thomas Jefferson University Hospital. *See Sharrow v. Bailey*, 910 F. Supp. 187, 195 (M.D. Pa. 1995) (allegations sufficient to state a Section 504 Rehabilitation claim by alleging co-defendant physician was hospital's employee. Therefore, Count 6 will be dismissed.

Plaintiff alleges that Defendants' refusal to admit her for a tooth extraction and notes in her medical record were made in retaliation for her request that the extraction be performed by a licensed surgeon. To state a claim for retaliation, a Plaintiff must show (1) that she engaged in a protected activity, (2) that defendants' retaliatory action was sufficient to deter a person of ordinary firmness from exercising his or her rights, and (3) that there was a causal connection between the protected activity and the retaliatory action. *Robinson v. Potter*, 453 F.3d 990, 994 (3d Cir. 2006).

13

As previously discussed, there is no individual liability under the Section 504 of the Rehabilitation Act and, therefore, Plaintiff's claim against Dr. Funari fails as a matter of law. With regard to Thomas Jefferson University Hospital's alleged retaliation, the Court assumes, without deciding, that Plaintiff's expressed preference for a licensed surgeon is protected activity. As just discussed, there are no allegations of an employer/employee relationship between Dr. Funari and Thomas Jefferson University Hospital and, therefore, Dr. Funari's actions cannot be imputed to Thomas Jefferson University Hospital. And regardless, as alleged the procedure was to be performed by a licensed surgeon. Moreover, Plaintiff's allegations and complaints are similar to the notes Dr. Funari placed in her record and fall far short of retaliatory conduct. Count 7 fails to state a retaliation claim and will be dismissed.

### D.     Privacy Violations

In Count 8, Plaintiff alleges that the Wilmington VA Medical Center failed to protect her patient record and privacy, violated VHA policy 1605, HIPAA, and the Privacy Act, 5 U.S.C. § 552a when it allowed Dr. Funari to improperly access her patient file and enter a defamatory, misleading, harassing and retaliatory treatment note. The federal claims against the two moving Defendants fail for several reasons. "VHA Directive 1605" "establishes the responsibility . . . for compliance with all applicable Federal privacy and confidentiality statutes and regulations." (*See* D.I. 9-2 at 5, 9). It does not create any legal rights. There is no private right of action to bring a HIPAA claim. *See Fatir v. Phelps*, 2019 WL 2162720, at *12 (D. Del. May 17, 2019). The Privacy Act authorizes private civil actions for violations of its provisions only against an agency, not against any individual. *See Trevillion v. McLachlan*, 2009 WL 528698, at

14

*2 (D. Del. Feb. 27, 2009) (citations omitted). The VHA Policy 1605, HIPAA, and the Privacy Act claims fail as a matter of law and will be dismissed.

### E. Constitutional Violations

Counts 1, 2, 3, and 4 raise claims for violations of the First, Thirteenth and Fourteenth Amendments to the United States Constitution. The claims fail.

Counts 1[3] and 2 allege violations of the Thirteenth Amendment. Count 1 alleges that "Defendants engaged in well-established and institutionalized systemic . . . indentured Servitude against Veterans" with service-connected disability ratings "by targeting and exploiting (and indenturing) this group of Patients as commodities and a readily available pool of non-consenting and involuntary human subjects." (D.I. 4 at ¶ 42). Count 2 alleges that Veterans Health Administration regularly places disabled veterans "into involuntary servitude as un-consenting Human Subjects, Guinea Pigs and training tools for high-paid MPE consultants, institutions, and their trainees." (*Id.* at ¶ 43).

The Thirteenth Amendment prohibits slavery and involuntary servitude. The Complaint states that Defendants allegedly use disabled veterans as training tools for consultants, institutions and their trainees is the equivalent of slavery or involuntary servitude is patently without merit.[4] The Thirteenth Amendment claims in Counts 1 and 2 will be dismissed.

---

[3] Count 1 does not specifically recite the Thirteenth Amendment, but the Court infers that the claim is based on that.
[4] While not clear, it may be that Plaintiff is referring to residents or medical students.

15

Count 3 alleges violations of the Equal Protection Clause under the Fourteenth Amendment.  The Fourteenth Amendment provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws."  As these words indicate, the provision applies only to "state actors," not private citizens or private, non-governmental corporations.  See *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924, 939 (1982).  To the extent Plaintiff raises the claims against federal actors, the claim fails.  "The Fourteenth Amendment only applies to actions of the states and not to the federal government."  *Brown v. Philip Morris, Inc.*, 250 F.3d 789 (3d Cir. 2001).  There are no allegations that any defendant is a state actor and, therefore, the claim also fails in that regard.  The Court will grant the motion to dismiss Count 3.

Count 4 alleges Defendants violated her right to free speech when, after she was told by a VA clinic technician at some earlier time that she did not have a choice on who performed the dental procedure,[5] and Plaintiff verbalized her concerns and preferences that the surgery not be performed by a trainee, Dr. Funari retaliated by entering "disparaging" notes on her chart.  To the extent this claim is raised as a *Bivens* claim (the federal counterpart to 42 U.S.C. § 1983), retaliation is not a recognized *Bivens* claim. See *Bistrian v. Levi*, 912 F.3d 79, 96 (3d Cir. 2018); *Vanderklok v. United States*, 868 F.3d 189, 198 (3d Cir. 2017) ("The Supreme Court has never implied a *Bivens* action under any clause of the First Amendment.").  Therefore, Count 4 will be dismissed.

---

[5] The Amended Complaint refers to "they told her she does not have a choice" (D.I. 4 at ¶ 45) but the only factual allegation about someone telling her that was the allegation about the dental assistant (*id.* at ¶ 18).

16

### F.     Supplemental Jurisdiction

Because the Amended Complaint fails to state federal claims against Dr. Funari and Thomas Jefferson University Hospital, the Court exercises its discretion and declines to exercise jurisdiction over Plaintiff's supplemental state law claims raised against them in Counts 5, 8, 9, 10, 11, 12, 13, 14, 15, 16, and 17.    *See De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003); *Daniels v. Bank of New York Mellon*, 2017 WL 4541756, *7 (S.D. Cal. Oct. 11, 2017), *appeal dismissed*, 2018 WL 1968243 (9th Cir. Mar. 15, 2018).

## IV.    CONCLUSION

For the above reasons, the Court will: (1) grant Defendants' motions to dismiss; (2) dismiss all federal claims against Thomas Jefferson University Hospital and Dr. Funari; and (3) decline to exercise jurisdiction over all supplemental state claims raised against them.   Amendment of the federal claims raised against Thomas Jefferson University Hospital and Dr. Funari is futile.

A separate order shall issue.