IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **B. Brown** | : | **CASE NO:** |
| **PLAINTIFF** | | **1:21-cv-00829-RGA** |
| V | : | |
| **United States,** | : | |
| **Thomas Jefferson Oral & Maxillofacial Surgery** | : | |
| **DEFENDANTS** | | |

---

## PLAINTIFF

## RULE 59(e) MOTION TO AMEND OR ALTER THE JUDGMENT and RULE 60 (b)(6) MOTION FOR RELIEF FROM JUDGEMENT and ORDER

Plaintiff,  Blanche Brown respectfully moves this court under Rule 59(e) of the Federal Rules of Civil Procedure, to alter or amend its Judgment and Order entered on March 9, 2023 (Docket 51 and 52).

In support of this motion, Plaintiff relies on the accompanying Memorandum.

 As explained in the accompanying Memorandum, the Court's March 9, 2023 Decision was based on clear error of Fact and Law.  For this reason, Plaintiff respectfully requests that her motion be granted and :

(1) that the Court's Judgment of March 9, 2023 be vacated and

(2) that Default judgment be entered against Thomas Jefferson Oral & Maxillofacial Surgery, and

(3) Summary judgment be granted to Plaintiff (or in the alternative, the Court issues a Discovery Scheduling Order)

RESPECTFULLY SUBMITTED,

*Blanche Brown*

Blanche Brown, Plaintiff

# TABLE OF CONTENTS

Page

## I.  INTRODUCTION

1

The significant factual and legal errors are predicated upon an apparent
misinterpretation and misapplication of the law and facts **In A Way That obfuscates
and Frustrates Numerous Laws, Doctrines and Rules**

1

## II.  LEGAL STANDARDS

3

Standard for Relief Under RULE 59 (e)  .................................................

3

Standard For Relief Under RULE 60 (b) .................................................

3

Rule 8 Pleading Standard  ...............................................................

4

Rule 12 (b) Dismissal Standard ..........................................................

4

## III.  ARGUMENT

5

.DEFENDANT'S USE OF THE PHRASE *"EXHAUSTION OF CLAIMS"* is
CONFLATED AND MISLEADING  ........................................................

6

The FTCA Does Not Require Actual "Exhaustion Of Administrative Remedies"

6

The Language Of The Statute (28 USC §2675( Clearly Indicates The Requirements of
28 U.S.C. § 2675(a)  .....................................................

6

B.  PLAINTIFF GAVE DEFENDANT FAIR NOTICE IN HER NOV 2020 (SF-95)
ADMINISTRATIVE CLAIM-- OF THE CONDUCT GIVING RISE TO ALL OF
CAUSES OF ACTION  :................................................................

7

3rd Circuit Holding In *Tucker V. U.S. Postal Serv.* That § 2675(A) Is Satisfied

7

Plaintiff's Administrative Claim And SF 95 Contained Enough Information To Put
Defendants On Notice  ..................................................................

7

**C.  THE FTCA DOES NOT SHIELD THE UNITED STATES FROM LIABILITY
FOR 11 ENUMERATED INTENTIONAL TORTS OF 28 USC 2680 (h)
COMMITTED BY MEDICAL PERSONNEL ACTING ON BEHALF OF THE VA**
.......................................................................

7

**D.  "NEGLIGENCE PER SE" CLAIM IS COGNIZABLE IN THIS MATTER**         8

Congress Has Enacted Numerous Statutes Which Established And Define Statutory
Rights Of Individuals To Receive Medical Services From The Government            8
.........................   .

VHA Patient Abuse  (Prohibition) Policy  ..................................................    8

**E.  NEITHER THE SF FORM 95 NOR THE REGULATIONS UNDER 28 CFR §14
REQUIRE A CLAIMANT TO  INCLUDE THE LIST OF APPLICABLE STATE
TORTS OR CAUSES OF ACTION  .....................**       9

The FTCA Requires The Presentation Of The Claim To The "Appropriate Federal
Agency" Within Two Years Of The Claim's Accrual. (28 U.S.C. § 2401(b)        9

**Regulations Contained In 28 C.F.R. §§ 14.1-14.11** 'govern administrative settlement
proceedings ONLY  ................................................................    9

Ms Brown timely submitted her original SF 95 Form on November 28, 2020      10

**F. .  NEGLIGENT INFLICITION OF EMOTIONAL DISTRESS (NIED)  CLAIM
IS PROPERLY BROUGH  ...........................................................................**    10

**G. INTENTIONAL INFLICITION OF EMOTIONAL DISTRESS (IIED)  CLAIM
IS PROPERLY BROUGHT  ...........................................................................**    11

**H.  PLAINTIFF EXHAUSTED FTCA ADMINISTRATIVE REMEDY CLAIMS
FROM NOV 2020 THROUGH  MAY 2021  ...................................................**    11

IV. CONCLUSION        12

## EXHIBITS

Exhibit 1:  VHA PATIENT ABUSE POLICY

Exhibit 2:  US Def  was Served Summons and Complaint Twice

Exhibit 3: Supplement to SF 95 May 25, 2021 To General Counsel  B Todd

Exhibit 4: VA Gen Counsel B Todd Received May 17, 2021 RE_ [EXTERNAL]

Exhibit 5: May 11, 2021 EMAIL Part II No Mystery_ Watchful Neglect, VA
Mission Act; Patient Bill of Rights; Joint Commission, VA Ethics, etc

Exhibit 6: May 10,2021 to VA COUNSEL Watchful Neglect, VA Mission Act;

Patient Bill of Rights; Joint Commission, VA Ethics, etc

Exhibit 7: To Mrs. Todd May 7, 2021

Exhibit 8a INFECTED FRACTURED TOOTH # 5 Aug 17, 2021

Exhibit 8b: Aug 17, 2021 Feinberg

Exhibit 9a: Dr Saucco's follow-up BLOOD-letting May 10, 2021

Exhibit 9b: Dr Saucco's Patient Abuse reported to Dr Stanton, Injuries by Saucco June 22, 2021

## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF DELAWARE

B. Brown                                                    :    CASE NO:
          **PLAINTIFF**                               :    **1:21-cv-00829-RGA**
          V                                       :

United States,                                              :
Thomas Jefferson Oral & Maxillofacial Surgery              :
          **DEFENDANTS**

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S
## RULE 59(e) MOTION TO AMEND OR ALTER THE JUDGMENT and
## RULE 60 (b)(6) MOTION FOR RELIEF FROM JUDGEMENT and ORDER

## I. INTRODUCTION

Plaintiff Blanche Brown respectfully requests that this Court Reconsider its Decision and Order Dated March 9, 2023 (Docs # 51 and #52)— in order to prevent and correct Manifest Injustice resulting from clear Error of Law and Fact.

The significant factual and legal errors are predicated upon an apparent misinterpretation and misapplication of the law and facts **In A Way That obfuscates and Frustrates Numerous Laws, Doctrines and Rules**:

- The FTCA Administrative (Remedies) "Exhaustion" and Notice Requirement of 28 USC 2675 (which is not limited to the SF Form 95)—by conflating the Administrative claim/Grievance with the separate Lawsuit.

- Pleading Standards under FRCP 8

- FRCP Rule 4 and Rule 55[1]

- The Duty of Care to Provide Timely[2], Adequate Needed Care and Treatment

- Duty to Provide Reasonable Accommodations in a Timely manner

---

[1] US Defendant was served with Summons and Complaint in June 2021 and again in Dec 2021 (SEE Exbt 2) USPS mail receipts to DOJ in Dist of DE and Wash DC).    However, US Defendant was permitted to first respond in March 2022--more than 9 months  (Doc 37)beyond the time required in Rule 4---y  defaulting.

[2] Plaintiff suffered for 2 and Half years with broken teeth that interfered with her eating/diet/nutrition.  The treatment delays were complicated by Dr. Saucco's having CARVED into Plaintiff's gums—creating pockets between her gums and teeth—inviting bacterial infection. The associated stress of her injuries  exacerbated Ms Brown's Trauma/Anxiety; and caused depression.
  However, The Court's March 9, 2023 Memorandum (Doc 51) Diminishes the gravity of the long and unreasonable Delays and refusal to provide Reasonable Accommodations.  The Court's Memorandum effectively determined that Ms Brown's Pain and Suffering are negligible and that the Dec 2021 (of the 2 and a Half year delay) render Plaintiff's Pain, Anxiety, illness and other VA-caused injuries moot.

- Section 504's Reasonable Accommodations Requirement and Prohibitions on Retaliation and NO Requirement for "Exhaustion of Administrative Remedies"

- VA's enforcement and Effectuation of Section 504 through 38 USC Part 18 and VHA Policy Handbook 5975.6 [3]

- The Distinction between the (executive level) <u>Discretionary Function</u> Decision to ADOPT an agency-wide Policy--- and the MANDATORY (non-discretionary) IMPLEMENTION of the Policy

- The implied constitutional rights protected by the VA's <u>Patient Bill of Rights</u> (Code of Federal Regulations §17.33 (g) (i)); authorized by 38 USC 501, 1721)

- The "<u>VA Immunity Statute</u>" 38 USC 7316 **(f)** — abrogation of (the jurisdictional bar established by) 28 USC § 2680 **(h)** enumerated "Intentional Torts" Exception (to Gov't waiver of sovereign immunity to suit and liability, )

- The VA Agency actions that Exceed its Constitutional authority and fall short of its constitutional duties

- Restatement 2nd of Torts 428: Regarding Vicarious Liability of WilmVAMC who had a non-delegable duty of care  and who retained control [4] over work performed by  Oral Surgeon, G Joel Funari (who wore a VA Name Tag), as well as Wilm VAMC Dental Assistant V. Haas and VA Dentist, Dr. Saucco

- Private Right of Action Provided by Section 504 of the <u>Rehabilitation Act</u> and Section 1557 of <u>Patient Protection . . . Act</u>

- The VHA's "<u>Mission Act</u>" of 2018 and it's Predecessor-- "<u>Veterans' Choice" Act</u>— both which—if they had been followed by Wilm VMAC—would have solved timely REASONABLE ACCOMMODATIONS and Timely Treatment of Plaintiff's Fractured Molar # 18

- Delaware's Negligence Per Se law (and other laws) Applicability to this Case

- Restatement 2nd of Torts 46 and Delaware's NIED and IIED torts (the Court's Oct 9 Memorandum misapprehends and mis-states the standards of the DE  Tort Law as they apply to this case [5] ). (**SEE Exbts 4, 6 & 7 ¶B** –showing Emotional Stress and Depression, Trauma--caused by Dental Injuries and WilmVAMC;s

---

[3] Wilmington VAMC Staff exceeded their authority by denying Plaintiff's Sec 504 Requests for Accommodations based on costs—as only the VA Secretary is authorized to make such decisions.

[4] In the 3rd Circuit, JURISDICTIONAL DISCOVERY is ordinarily AVAILABLE  to assist a Plaintiff in establishing the contacts necessary for the exercise of personal jurisdiction. *Metcalfe v. Renaissance Marine Inc.* 566 F .3d 324, 336 (3d Cir 2009)

However, in this matter Plaintiff was denied the opportunity to conduct limited DISCOVERY that would enable her to obtain information related to the working and employment relationship between and among Wilmington VAMC and the various federally funded GME partners.

[5] The court's March 9, 2022 analysis appears to have been focused on Breach of Contract Action—as opposed to this Federal Torts Action and Medical Discrimination Action

REFUSAL to Treat and Repair the injuries (**SEE Exbts 8-10 Physical Injuries**)

Throughout the Court's March 9, 2023 Opinion  MEMORANDUM (Doc 51) the Court asserts  rule 12 (b) (1) lack of Jurisdiction dismissal—based on the **mistaken assertion** that Plaintiff *"Failed To Exhaust Administrative Claim"*.

Neither Section 504 of Rehabilitation Act nor Section 1557 of Patient Protection Act Require or Demand Pre-requisite Administrative Remedy Claims/Grievances prior to filing a civil action in federal court.

In order to offer clarification on the FTCA Administrative "Claim Exhaustion" Matter, Plaintiff has attached the Supplemental SF-95 information (emails)  that she timely submitted to VA Legal Counsel (B. Todd) through May 2021 –as well as the misleading (through trickery) correspondence that the VA legal Counsel sent to Ms Brown—in an attempt to exclude the supplemental information.

Throughout the Court's March 9, 2023 Memorandum and Opinion (Doc 51), the Court's author adopted Defendant's flawed arguments which conflates requirements of 28 USC §2675 Administrative (Remedies) Notice of Claim-- and 28 USC §2672, 28 USC §2401 and the DOJ's regulations regarding Administrative Claim settlement. Defendant and the Court repeatedly, but improperly asserted that Plaintiff "failed to Exhaust" her claims—hence divesting this court of subject matter jurisdiction.

## II. LEGAL STANDARDS

### Standard for Relief Under RULE 59 (e)

A Rule 59(e) Motion May be granted if the moving party demonstrates any of the following:

(1) the judgment was based upon a manifest error of law or fact;
(2)  there is newly discovered or previously unavailable evidence;
(3) To prevent manifest injustice
(4) There is an intervening change in controlling law

### Standard For Relief Under RULE 60 (b)

Under Rule 60 9b) a District Court may relief a party from the effects of a "final judgment, Order or Proceeding for the following reasons

(1) Mistake, inadvertence, surprise, or excusable neglect;
(2) Newly discovered evidence . . .
(3) Fraud, misrepresentation, or other misconduct of an adverse part;
(4) The judgment is void
(5) The judgment has been satisfied, released, or discharged, or
(6) Any OTHER REASON justifying relief from the operation of judgment

### Rule 8 Pleading Standard

**FRCP 8(a)** requires a complaint to contain a short and plain statement of the claim showing that the pleader is entitled to relief so as to give the defendant fair notice of the claim and the ground upon which it rests

The US Supreme Court has explained that under Federal Rule 8, a complainant has *"No Duty To Set Out All Of the Relevant Facts in his /her Complaint"* Specific facts are not necessary in a complaint. Instead, the statement need only give the defendant FAIR NOTICE of what the . . . claim is and grounds upon which it rests *Swierkiewicz v Sorema* (2002); (*Bell Atlantic v Twomby* (2007).

### Rule 12 (b) Dismissal Standard

To survive a motion to dismiss under Rule 12 (b) 6 a complaint must contain sufficient FACTUAL MATTER, accepted as true, to state a claim to relief that is PLAUSIBLE on its face.    *Ascroft v Iqbal* 2009.

The court must deny a motion to dismiss "'if, in view of what is alleged, it can reasonably be conceived that the plaintiffs . . . could, upon a trial, establish a case which would entitle them to . . . relief.'" *Twombly,* 550 U.S. at 563 n.8).

In other words, a Rule 12 (b)(6)motion to Dismiss) should be granted ONLY if it appears beyond Doubt that Plaintiff can prove no set of facts in support of her claim[6].

---

[6] In this matter, Plaintiff's request for limited discovery (to gain further clarity on the details of the collaborative relationships among the Defendants) was ignored by the court. Moreover, the exhibits that Plaintiff Rules 59(e) and 60(b)(6) Motion for Relief from March 9, 2023 Ruling and Court Order (Docs 51 and 52)

In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Fowler v. UPMC Shadyside,* __ F.3d __, No. 07-4285, 2009 WL 2501662, at *5 (3d Cir. Aug. 18, 2009) (quoting *Phillips v. County of Allegheny,* 515 F.3d 224, 233 (3d Cir. 2008)).

The pleading standard *"'does not impose a probability requirement at the pleading stage,'"* id. But instead, to survive a challenge under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)(quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570.

A claim is "facially plausible" when a plaintiff pleads facts that permit the court to "reasonably infer a defendant is liable for the alleged misconduct." Id. (citations omitted). "So long as it raises a plausible right of recovery and puts the defendant on notice of the plaintiff's claim and grounds upon which it rests, however, the complaint does not need to specify detailed factual allegations." *Twombly,* 550 U.S. at 555).

In fact, initial pleadings are only required to give notice of a claim, and must be construed liberally so as to do substantial justice.

### III. ARGUMENT

Plaintiff has met the pleading standards set out in FRCP 8 and has put forth allegations with supporting evidence that raise a reasonable expectation that discovery will reveal additional evidence of the necessary elements.

Neither the Rehabilitation Act nor the Patient Protection Act require that Plaintiff's Exhaust Administrative Remedies before filing a claim in federal court. (SEE *Fred v*

---

Plaintiff included in the Original Complaint, as well as the Exhibits attached to Plaintiff's Opposition Responses to all Defendants' Dismissal motions were ALSO IGNORED.
Plaintiff Rules 59(e) and 60(b)(6) Motion for Relief from March 9, 2023 Ruling and Court Order  (Docs 51 and 52)
Page 5 of 12

*Consolidated Rail Corp* (3d Cir 200) SEE ALSO *Smith v City of Philadelphia* 345 F.
Supp 2d-486 (E.D. Pa 2004)Burkhart 70 F. Appx at 53-54

## A. DEFENDANT'S USE OF THE PHRASE *"EXHAUSTION OF CLAIMS"* is CONFLATED AND MISLEADING

### 1. The FTCA Does Not Require Actual "Exhaustion Of Administrative Remedies" But the Court has adopted Defendant's conflation of the concepts of "CLAIMS" and REMEDIES as they apply to §§ 2672 and 2675

The FTCA's 28 U.S.C. § 2675(a) merely requires that a claim/grievance be presented administratively and finally denied, and 28 U.S.C. § 2401(b) requires that the presentation be made within two years.

2. In this instant case, Plaintiff's SF form 95 provided a sufficient description of the injury (about which she was aware at the time)[7] and Defendant's negligent and outrageous Conduct that caused the injury and gave rise to the administrative claim. Also, Plaintiff's Administrative Claim set forth a statement of the value of the claim expressed as a sum certain. That is all that is required.

### 3. The Language Of The Statute (28 USC §2675( Clearly Indicates That The Requirements of 28 U.S.C. § 2675(a) are met *"if the claimant*

*(1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and*

*(2) places a value on his or her claim. "*

---

[7]   Plaintiff became aware in May 2019 of her fractured Molar # 18 within 24 hours of the injury. Following her June 2019 Dentist appointment, she became aware within a week-- that Dental Assistant V. Haas broke Tooth # 3 while taking X-rays (because parts of Ms Brown's tooth fell of while she was eating).

   HOWEVER, Ms Brown became aware **for the first time-- in  2021**(while drinking hot tea)-- that Dental Assistant V. Haas had ALSO (in June 2019) had ALSO cracked the back of Plaintiff's tooth # 5 (front tooth)—requiring ROOT CANAL---which was performed in March or April 2022.

   On May 6, 2021 Plaintiff had an Oral Hygiene "Cleaning" Appointment.  Immediately following the "Cleaning" session, her dentist (Dr. Saucco) performed an "Examination"---which ended up being a BLOODY BACKLASH (digging into Ms Brown's Gums without numbing medication or any type of ANTI-SEPTIC; and then FALSELY announcing that at least 3-4 Molars need to be extracted).

   Dr. Saucco, on May 6, 2021 PUNISHED Ms Brown for having complained in writing to VA General Counsel (supplement to SF 95) about the harassing emails sent by Dental Assistant V. Haas.  As a RESULT of Dr. Saucco's retaliatory rough-handling, Plaintiff developed wide-spread INFECTION in her gums.

Plaintiff Rules 59(e) and  60(b)(6) Motion for Relief from March 9, 2023 Ruling and Court Order  (Docs 51 and 52)

## B.  PLAINTIFF GAVE DEFENDANT FAIR NOTICE IN HER NOV 2020 (SF-95) ADMINISTRATIVE CLAIM– OF THE CONDUCT GIVING RISE TO ALL OF CAUSES OF ACTION

### 1.  The 3rd Circuit Has Held In *Tucker V. U.S. Postal Serv.* That § 2675(A) Is Satisfied

> As long as the administrative claim (1) provided sufficient "minimal notice" for the agency to properly investigate the incident and (2) placed a value on the claim *Tucker v. U.S. Postal Serv.*, 676 F.2d 954, 958-59 (3d Cir. 1982)."

### 2.  Plaintiff's Administrative Claim And SF 95 Contained Enough Information To Put Defendants On Notice

The Court adopted Defendant's misleading arguments that Plaintiff failed to "EXHAUST" (through her Administrative Claim's SF 95 Form)  the FTCA Claims  in her lawsuit..  This is a conflation of the use and function of the word "CLAIM" in the Administrative Process under §2675 with the Individual Causes of Action ("Claims) in her separate civil action.

3.  Plaintiff's SF 95 NEED NOT LIST details, Legal Theories and Causes of Action. Only a minimal notice of a statutory claim is required—in other words, any document that identifies the incident and demands a sum certain in damages is sufficient,

## C. THE FTCA DOES NOT SHIELD THE UNITED STATES FROM LIABILITY FOR 11 ENUMERATED INTENTIONAL TORTS OF 28 USC 2680 (h) COMMITTED BY MEDICAL PERSONNEL ACTING ON BEHALF OF THE VA

The VA's "Immunity Statute"—38 USC §7316-- (similar to the Gonzales Act) carves out a specific exception to the FTCA's 28 USC 2680's 'Intentional  Torts Exceptions" paragraph.

Paragraph (f) of the "VA Immunity Statute" states that the intentional tort exception to the FTCA ( Paragraph(h)) "shall not apply" to certain tort claims alleging wrongful or negligent medical care.

Effectively, the VA Immunity Statute (38 USC 7316) **nullifies the FTCA's intentional tort exception** (§2680 (h) ) when a Plaintiff alleges medical battery or other intentional tort by VA Medical staff and support staff.

## D. "NEGLIGENCE PER SE" CLAIM IS COGNIZABLE IN THIS MATTER

Delaware law provides that the violation of a Statute, Regulation, or Policy enacted to protect or for the safety of others is "Negligence Per Se". In other words, the violation of a statute, Regulation or Policy is deemed to be conclusive proof of NEGLIGENCE.

### 1. Congress Has Enacted Numerous Statutes Which Established And Define Statutory Rights Of Individuals To Receive Medical Services From The Government

Statues such as the Section 504 of the *Rehabilitation Act* and *Title VI of the Civil Rights Act* of *1964— as well as the Section 1557 of the Patient Protection and Affordable Care Act—all which* prohibits discrimination under federally funded programs. These statutes are meant to protect those individuals receiving government medical care from discrimination-based violations such as deprivation of civil rights, intentional infliction of emotional and physical distress, deprivation of due process; tampering with and obfuscation of official records, violence , defamation, Negligence.

### 2. VHA Patient Abuse Policy States In Part: (SEE Exhibit 1)

### POLICY PROHIBITING PATIENT ABUSE

*It is strict policy of the VA that no patient is to be neglected, mistreated or abused any manner. Physical abuse, verbal abuse and abuse through neglect will not be tolerated. Any case of suspected or reported abuse or mistreatment of a patient will be investigated to determine the facts. Appropriate corrective or disciplinary action will be take in warranted.*

### The Policy further States in Part:

PURPOSE: To Inform employees of the Department of Veterans Affairs Policy in cases of suspected abuse of patients by employees

DEFINITION:   Patient Abuse is the MALTREATMENT of a patient, which

includes mental, physical, sexual and verbal abuse such as the following:

a. *Any Action or Behavior that Conflicts with a Patient's Rights Identified in VA Regulation 38 CFR 17.3*
b. *Intentional Omission of Care*
c. *Willful violation of a Patient's Privacy*
d. *Intimidation, Harassment or Ridicule of a Patient*
e. *Willful Physical Injury*

*It should be noted that one does not have to intend to abuse a patient to commit patient abuse.*

3.  In this instant matter, Wilmington VAMC facility leaders FAILED TO PROTECT Plaintiff from abuse—and Turned a Blind eye when it was reported.

## E.  NEITHER THE SF FORM 95 NOR THE REGULATIONS UNDER 28 CFR §14 REQUIRE A CLAIMANT TO INCLUDE THE LIST OF APPLICABLE STATE TORTS OR CAUSES OF ACTION

1.  **The FTCA Requires The Presentation Of The Claim To The "Appropriate Federal Agency" Within Two Years Of The Claim's Accrual.** (28 U.S.C. § 2401(b)

However, Use of SF-95 is OPTIONAL. The presentation requires that claimant must, at a minimum, file a written claim with the agency whose "actions gave rise to the claim" That (1) states a sum certain of the damages nd (2) identifies conduct involved.

2.  In the DOJ's April 4, 2018 update to its Federal Forms the DOJ States: "Standard Form 95 is not required to present a claim under the FTCA, but it is a convenient format for supplying information necessary to bring an FTCA claim."

3. **Regulations Contained In 28 C.F.R. §§ 14.1-14.11** 'govern administrative settlement proceedings ONLY; they do not set federal jurisdictional prerequisites.

4. **The Instructions On SF Form 95 Explain** That "Complete Regulations Pertaining To Claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14." (Id.) The information targeted by the instructions indeed tracks the requirements set forth in 28 CFR § 14.2(a), which provides:

> *For purposes of the provisions of 28 U.S.C. 2401(b), 2672, and 2675, a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident; and the title or legal capacity of the person signing, and is accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.*

5. **In This Instant Matter, Ms Brown timely submitted her original SF 95 Form on November 28, 2020**

HOWEVER, Plaintiff ALSO submitted Additional Information to the VA at the request of General Counsel (B. Todd)

Moreover, Ms Brown submitted Additional information in the form of "Supplement to SF Form 95 to VA General Counsel in May 2021. (**SEE** EXHIBITS 3-7)

## F. NEGLIGENT INFLICITION OF EMOTIONAL DISTRESS (NIED) CLAIM IS PROPERLY BROUGHT

Delaware recognizes the tort of Negligent Inflection of Emotional Distress (NIED). Delaware law requires a Plaintiff to have been in "In the Immediate Area of Danger" and to have suffered "Physical Consequences"  In adopting NIED the highest courts in Delaware relied upon notions of redress wrongs done.  It is  fundamental to our common law system that one may seek redress for every wrong (*Robb v Pennsylvania Railroad Co* (Del )

Delaware requires some form of "Physical Injury" or Physical Manifestation as a pre-requisite.

In this instant matter, not only was Plaintiff in the "Zone of Danger" of Wilm VAMC's negligence that led to her 3 Broken teeth at Wilmington VAMC in May and June 2019—but ALSO, she has suffered ON GOING  direct and lingering Physical  (Dental) Injury (in addition to extreme mental distress).

Moreover, As a result of the injuries and associated infections caused by Wilmington VAMC Dental staff members V. Haas and Dr. Saucco---- and the ensuing  BACKLASH following Plaintiff's submission of her Administrative Grievances: (i.e, harassing emails from Dental Assistant V. Haas and Retaliatory  (May 6, 2021) Physical aggression by Dr. Saucco[8]—Plaintiff was afraid to be near either of those employees, much less have either of them provide any further dental "service" or conduct any more procedures on her. (**SEE Exhibits 8-10**)

What is more, the ONGOING STRESS (and the accompanying depression and trauma) is physically painful—in Plaintiff's case it causes fatigue, inflammation, irregular heart beat and

---

[8] Dr. Saucco conducted a late-noticed post-cleaning "examination"—during which she caused injury to Ms Brown's gums—and then (falsely) told Ms Brown that several molarsMUST BE EXTRACTED. When Ms Brown told Dr. Saucco about the numerous reports about DENTAL CARE DISPARITIES (Minority patients are most often referred for EXTRACTION, while white patients are referred for Root Canal or other RESTORATIVE PROCEDURES)—Dr. Saucco became even more hostile and cut Ms Brown off mid-sentence.

recurrence of ANGINA. Grinding her teeth, headaches, ringing in the ears, eating disorders, sleep problems, un-controlled hand trembles.

## G. INTENTIONAL INFLICITION OF EMOTIONAL DISTRESS (IIED) CLAIM IS PROPERLY BROUGHT

In Delaware the elements of the Tort of INTENTIONAL INFLICTION OF EMOTIONAL STRESS ("IIED) are defined by Section 46 of the Restatement (Second) of Torts (*Esposito v Townsend* (Del Super Ct Feb 2018).

According to the Restatement, an IIED claim ariss when "One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress. And if Bodily harm to the other results from it—for such bodily harm.

Extreme and outrageous conduct is that which "exceeds the bounds of decency and is regarded as intolerable in a civilized community.

In this Instant Matter, Dr. Saucco's May 6, 2021 conduct was violent—and she effectively assaulted Ms Brown. Dr. Saucco made a reference to a written statement in Plaintiff's email that she sent to General Counsel (B. Todd)—in which Ms Brown made complaints about the harassing emails that WilmVAMC Dental Assistant had sent to her in Nov 2020 (in which Ms Haas flipped the script and blamed Ms Brown—the patient—for the delays and other negligence regarding Ms Brown's dental treatment).

## H. PLAINTIFF EXHAUSTED FTCA ADMINISTRATIVE REMEDY CLAIMS FROM NOV 2020 THROUGH MAY 2021

1. As Defendant knows, an Administrative Agency Claim is NOT a civil lawsuit— and needs to give Defendants Only enough information about their conduct and occurrences to give them fair warning.

2. Ms Brown submitted her SF Form 95 on Nov 25, 2020. In May 2021 VA General Counsel (B. Todd) Contacted Ms Brown by Phone REQUESTING ADDITIONAL INFORMATION and informed Ms Brown that she would be sent a notice by June 6, 2021—that never happened.

3. Ms Brown filed SUPPLEMENTAL information to Ms Todd in May 2021. Because the Agency failed to Deny the Administrative claim within 6 months, Ms Brown filed the Civil complaint in Federal Court in June, 2021. (**SEE Exhibits 3 thru 7**)

4. The SF 95 Form and Supplemental Written notices sent to VA General Attorney From November 2020 through May 2021 complies with 28 USC 2675 (opportunity to consider the administrative claim) , 28 USC 2672 (filing of Civil action within 6 months of denial of administrative claim) ; 28 USC § 2401 ((2 year statute of Limitations for presentment of administrative claim) and 28 CFR § 14.2

5. As the Federal Defendant knows, an Administrative Claim is NOT a Civil Action—and needs ONLY to give Defendants Enough Information about their conduct and occurrences to provide fair warning.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court Grant her Motion for Reconsideration

DATED: <u>April 5, 2023</u>

Respectfully Submitted

*Blanche Brown*

Blanche Brown, Plaintiff