IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BLANCHE A. BROWN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 21-829-RGA |
| | : | |
| UNITED STATES, et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM ORDER**

At Wilmington this 28th day of July, 2023; having considered Plaintiff's motion and request (D.I. 48), motion for reconsideration (D.I. 56), and motion for referral to a magistrate judge for mediation (D.I. 73);

1. By Memorandum Opinion and Order issued on March 9, 2023, the Court granted Defendant United States' motion to dismiss, dismissed all of Plaintiff's claims, and afforded Plaintiff leave to file a second amended complaint as to one of her claims. (D.I. 51, 52). On March 29, 2023, Plaintiff timely filed her Second Amended Complaint. (D.I. 55). Defendant United States filed a motion for partial dismissal, which is still pending. (D.I. 57).

2. On April 6, 2023, Plaintiff filed a 4-page motion seeking reconsideration, and a 12-page brief in support. (D.I. 56). Plaintiff purports to seek reconsideration under Rules 59(e) and 60(b)(6) of the Federal Rules of Civil Procedure.

3. Rule 60(b) is restricted to providing relief from "final" judgments, orders, or proceedings. *See State Nat'l Ins. Co. v. County of Camden*, 824 F.3d 399, 406 (3d Cir. 2016); Fed. R. Civ. P. 60(b) advisory committee's note to 1946 amendment ("The addition of the qualifying word 'final' emphasizes the character of the judgments, orders

or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule, but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires."). Given that the Court granted Plaintiff leave to amend, and Plaintiff filed a Second Amended Complaint, Rule 60(b) is not a proper basis by which to seek reconsideration. *State Nat'l Ins. Co.*, 824 F.3d at 406. The same is true for Rule 59(e). *See Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 230 n.8 (3d Cir. 2011) ("Rule 59(e) motions require that a final judgment be issued.").

4. In any event, "[a]part from Rule 60(b), the District Court has the inherent power to reconsider prior interlocutory orders." *State Nat'l Ins. Co.*, 824 F.3d at 406; *see also Durst v. Durst*, 663 F. App'x 231, 236 n.7 (3d Cir. 2016) (per curiam) ("We note that even though the motion was untimely under the Local Rule (and would have been untimely even if it could be construed as a motion for reconsideration filed pursuant to Fed. R. Civ. P. 59(e)), the District Court did not lack jurisdiction to consider the motion.") (citing *id.*).

5. Under the Local Rules, motions for "reargument" must be filed within 14 days after issuance of a decision and are limited to ten pages. D. Del. LR 7.1.5(a). Plaintiff's motion was thus both untimely and too long under the Local Rules.

6. A motion for reargument under Local Rule 7.1.5 is the "functional equivalent" of a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e). *See Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1352 (3d Cir. 1990); *MobileMedia Ideas, LLC v. Apple Inc.*, 966 F. Supp. 2d 433, 437 (D. Del. 2013). The purpose of a motion for reargument or reconsideration is "to correct manifest errors of law or fact or to

present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).  The movant must show at least one of the following: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or [to] prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010).

7. Notwithstanding Plaintiff's violation of the Local Rules, the Court has considered Plaintiff's motion for reconsideration, brief in support thereof, the June 30, 2021 Amended Complaint, and the Court's March 9, 2023 Memorandum Opinion.  The Court has found no clear errors or other grounds that would warrant reconsideration.  Accordingly, Plaintiff's motion from reconsideration (D.I. 56) will be denied.

8. Plaintiff's other motions and requests will be denied as well.  A scheduling order and referral for mediation are both premature.  As to Plaintiff's request for the Court to send her copies of orders (D.I. 48), she has been granted electronic filing privileges (D.I. 13), and will therefore continue to receive orders electronically.  If she wishes to receive orders by mail, she may request revocation of her electronic filing privileges.

Now therefore, IT IS HEREBY ORDERED that:

1. Plaintiff's motion and request (D.I. 48) is **DENIED**.
2. Plaintiff's motion for reconsideration (D.I. 56) is **DENIED**.
3. Plaintiff's motion for referral to a Magistrate Judge for mediation (D.I. 73) is **DENIED**.

    /s/ Richard G. Andrews
UNITED STATES DISTRICT JUDGE