IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BLANCHE A. BROWN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 21-829 (JLH) |
| UNITED STATES, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

1. **Introduction.** Plaintiff proceeds *pro se*. She initiated this matter in June 2021, and she filed an Amended Complaint the same month. (D.I. 1, 4.) On March 9, 2023, this Court granted a motion to dismiss filed by the United States ("the Government"), and dismissed Plaintiff's seventeen-count Amended Complaint. (D.I. 51, 52.) The Court gave Plaintiff leave to file a second amended complaint bringing the negligence claim contained in Count 10 of the Amended Complaint only, which was predicated on her allegations that, in June 2019, a dental assistant at the Wilmington Veterans Affairs Medical Center broke one of her molars ("Tooth #3") while placing x-ray plates in her mouth.[1]

On March 29, 2023, Plaintiff filed a six-count Second Amended Complaint against the Government and Thomas Jefferson Oral & Maxillofacial Surgery. Count One of the Second Amended Complaint contains the negligence claim pertaining to Tooth #3, which, as noted, the Court had given Plaintiff leave to bring in the Second Amended Complaint. Count One also contains a negligence claim based on the dental assistant allegedly breaking a second molar

---

[1] In the March 9, 2023 Memorandum Opinion, the Court noted that "[i]n later filings, Plaintiff indicates that the dental assistant broke an additional tooth as well, but this allegation appears nowhere in the Amended Complaint." (D.I. at 51 n.1.) Plaintiff filed a motion for reconsideration of the March 9, 2023 Order, which the Court denied in July 2023. (D.I. 76.)

("Tooth #5") while placing the x-ray plates. Counts Two, Three, Four, and Six[2] are for assault and battery, negligence, negligence per se, and intentional infliction of emotional distress, respectively. These Counts are based on allegations distinct from the dental assistant's alleged negligence in placing the x-ray plates.

The Government has filed a motion to partially dismiss the Second Amended Complaint, arguing that the Court's March 9, 2023 Order bars the negligence claim pertaining to Tooth #5 in Count One, as well as Counts Two, Three, Four, and Six against the Government. The Government argues that Plaintiff was only granted leave to amend to assert the negligence claim pertaining to Tooth #3, and that the rest of the claims are all based on allegations either not contained in Plaintiff's Amended Complaint or that were brought in the Amended Complaint and dismissed without leave to amend. The Government further argues that Plaintiff failed to exhaust her administrative remedies as to these claims and that they must therefore be dismissed.

In response, Plaintiff argues, *inter alia*, that she can bring claims previously dismissed by the Court and beyond the scope of the leave to amend she was granted, because the Court has the ability to reconsider its prior ruling, that she was not aware of the injury to Tooth #5 when she filed her SF-95 form with the Department of Veterans Affairs ("the VA"), and that she exhausted her new claims by sending a May 25, 2001 email to general counsel for the VA with the subject line "SUPPLEMENT TO SF FORM 95 Administrative Claim." (D.I. 60-10 at 5.)

2.   **Discussion.**   Even assuming for purposes of the argument that plaintiff exhausted some of the claims the government seeks to dismiss (which is doubtful),[3] the Court's March 9,

---

[2] Both the Government and Thomas Jefferson Oral & Maxillofacial Surgery are listed as Defendants in Counts Four and Six. Thomas Jefferson Oral & Maxillofacial Surgery is the only Defendant listed in Count Five.

[3] Plaintiff clearly did not exhaust her negligence claim pertaining to Tooth #5.

2023 Order only granted Plaintiff leave to amend to assert the negligence claim pertaining to Tooth #3. The Court will not permit the other claims to proceed at this point.[4]

3.  **Conclusion.** For the above reasons, IT IS HEREBY ORDERED that the Government's motion to partially dismiss the Second Amended Complaint (D.I. 57) is **GRANTED**, and Plaintiff's request for summary judgment (D.I. 60 at 1) is **DENIED**.

Honorable Jennifer L. Hall
United States District Judge

February 5, 2024
Wilmington, Delaware

---

[4] The Court has already dismissed the same claims Plaintiff now tries to assert as Count 4. As for the rest of the claims, Plaintiff had previous opportunities to try to assert them. Plaintiff could have included the allegations in her June 2021 Complaint or Amended Complaint, but she chose not to include them. In December 2021, Plaintiff filed a procedurally deficient motion to amend her Amended Complaint which, *arguably*, included some of these new claims. (D.I. 23.) In January 2022, the Court denied the motion to amend "without prejudice to renew upon compliance with the Local Rules of this Court," and provided an explanation of the relevant requirements. (D.I. 30.) Plaintiff did not renew her motion to amend. She will not be permitted to do so now following briefing and the Court's disposition of the claims in her seventeen-count Amended Complaint. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (holding that, in the absence of undue delay, bad faith, or dilatory motives on the part of the moving party, the amendment should be freely granted, unless it is futile or unfairly prejudicial to the non-moving party).