IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BLANCHE A BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 21-829 (JLH) |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

**<u>MEMORANDUM OPINION</u>**

Blanche A Brown, *Pro Se* Plaintiff

Jacob Laksin, UNITED STATES ATTORNEY'S OFFICE, Wilmington, Delaware, Counsel for Defendant

January 24, 2025
Wilmington, Delaware

**HALL, U.S. District Judge:**

I.   **INTRODUCTION**

The Court assumes familiarity with its prior orders in this action.  The operative pleading is the Second Amended Complaint (SAC), which alleged a number of claims against the United States.[1]  (D.I. 55.)  On February 5, 2024, the Court dismissed all claims against the United States except Count One, which is a claim of dental negligence based on an alleged injury to Plaintiff's Tooth #3.  (D.I. 77.)  The Court's Scheduling Order set a June 10, 2024 deadline for completion of all discovery.  (D.I. 78.)

Presently pending are six motions: **(1)** Plaintiff's motion for summary judgment (D.I. 107); **(2)** Defendant's motion for summary judgment (D.I. 108),[2] Plaintiff's motion styled "Plaintiff [1] Response in Objection to, and [2] Motion for Relief from Order (Doc 84) Pursuant to FRCP Rule 60b sub¶¶(1), (3) or in the Alternative, [3]Pursuant to Rule 60b (6)" (D.I. 85); **(3)** Plaintiff's motion styled "Plaintiff Motion and Application for Leave to File Interlocutory Appeal of the District Court's June 27, 2024 Order (Doc 98)" (D.I. 99); **(4)** Plaintiff's motion styled "Plaintiff Motion for Relief from Ruling/Judgment and Court Order Pursuant to FRCP 59 (e) and 60(b) (1) (6); and Plaintiff Objection to Dispositive Court Order" (D.I. 102); **(5)** Plaintiff's motion styled "Motion for Spoliation Sanction by Default Judgment Against US Defendant for: (1) Intentional Records Removal& Concealment ; (2) Obstrucing Official Process; (3) Deception, (4)Fraud Upon the Court" (D.I. 104); and **(6)** Plaintiff's motion styled "Plaintiff Notice and Motion for Mandatory

---

[1] Plaintiff previously asserted a number of claims and named additional defendants that have since been dismissed.  (*See, e.g.*, D.I. 42, 52, 76, 77, 98.)

[2] Plaintiff filed two answering briefs in opposition to Defendant's motion for summary judgment, as well as a sur-reply.  (D.I. 110, 113, 116.)  The Court has considered all of them.

1

Disqualification of the Presiding Judge (JLH) or in the Alternative, Voluntary Recusal" (D.I. 115). The Court addresses all pending motions below.

## II. BACKGROUND

The only pending claim against Defendant is Plaintiff's claim of dental negligence based on an alleged injury to Plaintiff's Tooth #3. The SAC alleges that Tooth #3 was injured in June 2019 by an "improperly placed dental plate" during an x-ray procedure performed by V. Haas, a dental assistant, at the Wilmington VA Medical Center. (D.I. 55.) In a subsequent discovery response, Plaintiff contended that the injury occurred in May 2019. (D.I. 101-2 at 1.) The record contains no expert testimony to support Plaintiff's contention that her alleged injury to Tooth #3 occurred as a result of something that happened at the May 2019 x-ray procedure.[3] Nor does the record contain expert evidence to support the contention that Ms. Haas deviated from the applicable standard of care.

## III. THE PARTIES' MOTIONS FOR SUMMARY JUDGMENT

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585–86 (1986). A fact in dispute is material when it "might affect the outcome of the suit under the governing law" and is genuine "if the evidence is such that a reasonable jury could return a verdict

---

[3] Indeed, Defendant points out, and Plaintiff does not dispute that, although the medical records reflect a "mesiobuccal cusp fracture at Tooth #3," "[n]othing in the medical records addresses either the cause or the timing of the cusp fracture of Tooth #3." (D.I. 108 at 3–4, Ex. B.) Plaintiff's medical records do reflect that Tooth #3 had significant prior dental history, including "extensive amalgam restoration." (D.I. 108, Ex. B.)

2

for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the nonmoving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Industrial Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255). A court's role in deciding a motion for summary judgment is not to evaluate the evidence and decide the truth of the matter but rather "to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

Where the burden of persuasion at trial would be on the non-moving party, then the moving party may satisfy its burden of production by pointing to an absence of evidence supporting the non-moving party's case, after which the burden of production shifts to the non-movant to demonstrate the existence of a genuine issue for trial. *Matsushita*, 475 U.S. at 586–87; *Williams v. West Chester*, 891 F.2d 458, 460–61 (3d Cir. 1989). A non-moving party asserting that a fact is genuinely disputed must support such an assertion by "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, . . . admissions, interrogatory answers, or other materials; or (B) showing that the materials cited [by the moving party] do not establish the absence . . . of a genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1). The non-moving party's evidence "must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance." *Williams*, 891 F.2d at 460–61.

This case is governed by the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2674, 2761–80. Liability under the FTCA is determined by the law of the state in which the tortious conduct occurred. *Anderson v. United States*, No. 93-589, 1996 WL 490262, at *5 (D. Del. Aug. 23, 1996).

Plaintiff does not dispute that she was treated in Delaware, so Delaware law applies. In Delaware, medical negligence claims are governed by the Health Care Medical Negligence Act, which provides that, except in limited circumstances not applicable here, "[n]o liability shall be based upon asserted negligence unless expert medical testimony is presented as to the alleged deviation from the applicable standard of care in the specific circumstances of the case and as to the causation of the alleged personal injury . . . ." 18 Del. C. § 6853(e); *Green v. Weiner*, 766 A.2d 492, 494–95 (Del. 2001). This requirement applies in FTCA cases because it pertains to the "manner" and "extent" of substantive liability. 28 U.S.C. § 2674; *see Mathena v. United States*, No. 21-368, 2022 WL 16739773, at *2 (D. Del. Nov. 7, 2022); *cf. Wilson v. United States*, 79 F.4th 312, 318 (3d Cir. 2023) (explaining the difference between state technical pleading requirements, which do not apply in FTCA cases, and state laws dictating what plaintiffs must do to establish liability, which do apply in FTCA cases).

Discovery is now closed, and Plaintiff has not presented any evidence from a medical expert regarding either the cause of the injury to Tooth #3 or any alleged deviation from the applicable standard of care. Because Plaintiff has failed to provide the required expert evidence, she cannot as a matter of law establish an essential element of her negligence claim.[4] Accordingly,

---

[4] Even if the Court accepted Plaintiff's apparent contention that 18 Del. C. § 6853(e) does not apply in this case, summary judgment for Defendant would still be appropriate because the record contains insufficient evidence for a reasonable juror to find that Ms. Haas breached the standard of care.

4

the Court will grant Defendant's motion for summary judgment as to Count One of the SAC. (D.I. 108.) Plaintiff's request for summary judgment (D.I. 107) will be denied.[5]

## IV. PLAINTIFF'S OTHER MOTIONS

The Court construes Plaintiff's motions at D.I. 85 and D.I. 102 as requests for reconsideration of the Court's April 4, 2024 and June 27, 2024 Orders (D.I. 84, 98). The Court reviewed its prior orders out of an abundance of caution, but it is unpersuaded that it made an error of apprehension or reasoning. Nor has Plaintiff articulated any other sufficient grounds for reconsideration. Accordingly, both motions (D.I. 85, 102) will be denied.

The Court next turns to Plaintiff's motion for sanctions. (D.I. 104.) The Court has reviewed the briefing (D.I. 104, 105, 106) and concludes that the motion has no discernable merit. It will therefore be denied.

Plaintiff also filed a motion for my recusal. (D.I. 115.) Plaintiff seeks my recusal on the grounds that I was a former employee in the Civil Division of the U.S. Attorney's Office for the District of Delaware (prior to my appointment as a Magistrate Judge in 2019) and that my rulings in this case allegedly demonstrate bias against Plaintiff. Under 28 U.S.C. § 455(a), a judge is required to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." The test for recusal under § 455(a) is whether a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington Int'l Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004). Under § 455(b)(1), a judge is also required to recuse himself "[w]here he has a personal bias or prejudice concerning a party." Under either subsection, the bias necessary to require recusal generally "must stem from an extrajudicial

---

[5] Although Plaintiff's motion (D.I. 107) purports to seek summary judgment on a multitude of other claims, there is only one pending claim: a negligence claim concerning Tooth #3.

5

source." *Liteky v. United States*, 510 U.S. 540, 554 (1994); *see also Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 167 (3d Cir. 2004) (stating that beliefs or opinions which merit recusal must involve extrajudicial factor). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. Similarly, claims of bias or partiality cannot be based on "expressions of impatience, dissatisfaction, annoyance, [or] even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display." *Id.* at 555–56.

There is no basis for recusal under § 455(a) or (b)(1). Plaintiff is plainly disappointed with my rulings, but a reasonable, well-informed observer could not believe that my rulings were based on impartiality, bias, or actual prejudice. After careful and deliberate consideration, I conclude that I have no actual bias or prejudice towards Plaintiff and that a reasonable, well-informed observer would not question my impartiality.

Under § 455(b)(3), a judge is obligated to recuse himself if "he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy." None of these circumstances is present here; accordingly, there is no basis for recusal under § 455(b)(3). Plaintiff's motion for recusal (D.I. 115) will be denied.

Plaintiff's motion for leave to appeal (D.I. 99) will be denied as moot. The Court having now resolved all of the pending claims, Plaintiff can appeal in the normal course.

## V.    CONCLUSION

For the reasons set forth above, the Court will grant Defendant's motion for summary judgment (D.I. 108) and deny Plaintiff's motion for summary judgment (D.I. 107). Plaintiff's remaining motions (D.I. 85, 99, 102, 104, 115) will be denied.

A separate Order will be entered.